Fill in this information to identify your case:

Debtor 1    Nicholas Clarke
          First Name        Middle Name        Last Name

Debtor 2    _____
(Spouse, if filing) First Name       Middle Name        Last Name

United States Bankruptcy Court for the:   Eastern District of Michigan     (State)

Case number   16-46362
(If known)

## Official Form 427
# Cover Sheet for Reaffirmation Agreement      12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**    Credit Union One
                               Name of the creditor

**2. How much is the debt?**
On the date that the bankruptcy case is filed   $ 13,500.00
To be paid under the reaffirmation agreement   $ 13,500.00
$ 245.00 per month

**3. What is the Annual Percentage Rate (APR) of interest?** (See Bankruptcy Code § 524(k)(3)(E).)
Before the bankruptcy case was filed   3.2500 %
Under the reaffirmation agreement   3.2500 %   ☒ Fixed rate
                                                        ☐ Adjustable rate

**4. Does collateral secure the debt?**
☐ No
☐ Yes. Describe the collateral. _____
           Current market value   $_____

**5. Does the creditor assert that the debt is nondischargeable?**
☐ No
☒ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.
       The debtor sold a vehicle after improperly acquiring a title without Creditors security interest.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

Income and expenses reported on Schedules I and J      Income and expenses stated on the reaffirmation agreement

6a. Combined monthly income from line 12 of Schedule I   $ 3,753.32     6e. Monthly income from all sources after payroll deductions   $ n/a

6b. Monthly expenses from line 22c of Schedule J   $ 3,817.33     6f. Monthly expenses   − $ n/a

6c. Monthly payments on all reaffirmed debts not listed on Schedule J   − $ 0.00     6g. Monthly payments on all reaffirmed debts not included in monthly expenses   − $ n/a

6d. Scheduled net monthly income   $ 0.00 Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets.     6h. Present net monthly income   $ n/a Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets.

Debtor 1   Nicholas Clarke                 16-46362
              Case number (if known)_ First Name         Middle Name         Last Name

7.  Are the income amounts    ☒ No
    on lines 6a and 6e        ☐ Yes. Explain why they are different and complete line 10._____
    different?
    _____

8.  Are the expense           ☒ No
    amounts on lines 6b       ☐ Yes. Explain why they are different and complete line 10._____
    and 6f different?
    _____

9.  Is the net monthly        ☒ No
    income in line 6h less    ☐ Yes. A presumption of hardship arises (unless the creditor is a credit union).
    than 0?                          Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses.
                                     Complete line 10.
    _____
    _____

10. Debtor's certification    I certify that each explanation on lines 7-9 is true and correct.
    about lines 7-9

    If any answer on lines 7-9 is
    Yes, the debtor must sign
    here.                     ✗ _____    ✗ _____
                                Signature of Debtor 1                Signature of Debtor 2 (Spouse Only in a Joint Case)
    If all the answers on lines 7-9
    are No, go to line 11.

11. Did an attorney represent  ☐ No
    the debtor in negotiating  ☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
    the reaffirmation               ☐ No
    agreement?                      ☐ Yes

## Part 2:  Sign Here

Whoever fills out this form    I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the
must sign here.                parties identified on this *Cover Sheet for Reaffirmation Agreement*.


              _/s/Christopher Frank (P67169)_____      Date   08/25/2016
                  Signature                                               MM / DD / YYYY

                 __Christopher Frank_____
                   Printed Name


              Check one:
              ☐ Debtor or Debtor's Attorney
              ☒ Creditor or Creditor's Attorney

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN RE:

Nicholas Clarke

Debtor(s).

Case No. 16-46362
Chapter 7
Hon. Shefferly

## REAFFIRMATION AGREEMENT WITH
### Credit Union ONE

### PART A: BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreement to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation agreement is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interest, except that no court approval is required if your reaffirmation is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

8. Miscellaneous questions and information:

   *Your right to rescind (cancel) your reaffirmation agreement.* You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a

discharge order or before the expiration of the 60 day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (canceled).

***What are your obligations if you reaffirm the debt?*** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

***Are you required to enter into a reaffirmation agreement by any law?*** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

***What if your creditor has a security interest or lien?*** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

## SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

I/we understand that I/we do not have to sign this reaffirmation. I/we further understand that if I do not sign this reaffirmation the creditor may file a complaint with the bankruptcy seeking a determination of dischargeability or a denial of discharge all together. I/we further understand that if such complaint is filed, and if the court makes a ruling on such claim, I/we may have to pay the creditor nothing, the amount reaffirmed or a greater amount. Therefore, after considering the issues and risks involved, and without admitting liability, I have determined that entering into this reaffirmation agreement is in my/our best interest in light of the claims raised by the creditor.

Therefore, notwithstanding the fact that I/we have filed a petition for relief under Chapter 7 of the Bankruptcy Code, the undersigned hereby promises, reaffirms and agrees to pay to the above-described creditor.

ORIGINAL LOAN AMOUNT: **$20,670.00**

Amount Reaffirmed: The amount of debt you have agreed to reaffirm is **$18,500.00** . Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.

Annual Percentage Rate: 8.25%

Simple Interest Rate:
Variable Interest Rate:

I (we) agree to reaffirm the debts arising under the credit agreement described below. The above sum of money shall be paid in monthly installments of $245.00 per month with the first installment due on September 15, 2016, and a like sum shall be due on the same day of each month thereafter until the entire reaffirmed amount, plus interest, is paid in full. *In the event that any payment is more than fifteen (15) days late, this Agreement shall be in default. If this Agreement is in default, the creditor shall have the right to demand that the full remaining principal balance, plus interest, be immediately due and payable. The terms of the underlying loan agreement shall remain in effect*

This Reaffirmation Agreement is being entered into for the purpose of settling this creditor's claim under Section 523 of the Bankruptcy Code. If the Debtor(s) elects to exercise his/her/their right to rescind as stated below, the parties hereto agree to grant this creditor 60 days from the date of said rescission to file a Complaint objecting to the discharge of a debt or to the granting of the Debtor's discharge under Section 523 and/or 727 of the Bankruptcy Code. The original amount financed was : $20,670.00.

NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the Creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the Reaffirmation Agreement is held.

## PART B: TERMS OF REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below. The above sum of money shall be paid in monthly installments of $245.00 per month with the first installment due on August 1, 2016 and a like sum shall be due on the same day of each month thereafter until the entire reaffirmed amount, plus interest, is paid in full. *In the event that any payment is more than fifteen (15) days late, this Agreement shall be in default. If this Agreement is in default, the creditor shall have the right to demand that the full original remaining principal balance, plus interest, be immediately due and payable. The terms of the underlying loan agreement shall remain in effect*

This Reaffirmation Agreement is being entered into for the purpose of settling this creditor's claim under Section 523 of the Bankruptcy Code. If the Debtor(s) elects to exercise his/her/their right to rescind as stated below, the parties hereto agree to grant this creditor 60 days from the date of said rescission to file a Complaint objecting to the discharge of a debt or to the granting of the Debtor's discharge under Section 523 and/or 727 of the Bankruptcy Code

Description of any changes to the credit agreement made as part of this reaffirmation agreement: The amount reaffirmed is reduced from the original balance and the monthly payment has been reduced

Dated:
Borrower:                                                   Co-Borrower

✗ *Nicholas Clarke*
Nicholas Clarke, Debtor                                     _____, Debtor

Date of Creditor's Acceptance:
Accepted by creditor:
/s/ *Christopher Frank*
CHRISTOPHER E. FRANK (P67169) THE LEDUC GROUP
Attorney for Creditor
P.O. Box 2191
Royal Oak, MI 48068
248-268-2224
cfrank@theleducgroup.com

## PART C: CERTIFICATION OF DEBTOR'S ATTORNEY (IF ANY):

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

Date: 8/23/2016                             _____
                                            Attorney for Debtor
                                            Nathaniel Herdt   P66144
                                            310 Ferman
                                            Milan, MI 48160

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT *WITH* A CREDIT UNION:

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and completed and signed reaffirmation agreement.

Date:
✗ *Nicholas Clarke*
Nicholas Clarke, Debtor                                     Debtor

*Alternate Part D:* **DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT WITH NON-CREDIT UNION CREDITOR:**

I believe this reaffirmation agreement will not impose an undue hardship on my dependants or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if explained to the satisfaction of the court how I can afford to make the payments here:

_____
_____
_____.

### PART E: MOTION FOR COURT APPROVAL
(to be completed only if the debtor is not represented by an attorney)

I (we), the debtors affirm the following to be true and correct:

(1) I am not represented by an attorney in connection with this reaffirmation agreement.

(2) I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

_____
_____
_____.

Therefore, I ask the court for an order approving this reaffirmation agreement.

Date: _____          _____
                                                            Debtor

Date: _____          _____
                                                            Debtor

### COURT ORDER:

The court grants the debtor's motion and approves the reaffirmation agreement describe above.